# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. PHILBROOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. ED CV 16-1500 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Robert E. Philbrook ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the vocational expert ("VE")'s testimony to determine that Plaintiff could perform light, unskilled work as a bench assembler[2] with approximately 230,000 jobs available nationally. (*See* Joint Stip. at 4-7, 12-16.) Plaintiff suggests that the VE's testimony was in conflict with the

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Dictionary of Occupational Titles ("DOT") code 206.684-022.

1

Occupational Outlook Handbook ("OOH")[3] because that source suggested a smaller amount of available jobs than those identified by the VE in response to the ALJ's hypothetical questions. The Court finds that reversal is not warranted.

A.   Challenge to VE's Testimony Not Properly Preserved for Appeal

Preliminarily, as a rule, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). This is particularly true in the case of statistical evidence, as "[t]he ALJ, rather than this Court, [is] in the optimal position to resolve the conflict between [a claimant's] new evidence and the statistical evidence provided by the VE." *Id.*

In the instant case, Plaintiff was represented by counsel at the administrative hearing and was allowed to pose questions to the VE, but she failed to challenge the VE's methodology for calculating the number of estimated jobs or offer any evidence supporting a different figure.[4] (AR at 82-83); s*ee Howard v. Astrue*, 330 F. App'x 128, 130 (9th Cir. 2009) (claimant waived argument that ALJ's hypotheticals were inadequate where claimant's attorney had opportunity to pose hypotheticals but never mentioned allegedly erroneously omitted limitation); *Meanel*, 172 F.3d at 1115 (claimant's argument — that there was insufficient jobs in local area for a particular position — not properly preserved for appeal); *Marchbanks v. Colvin*, 2014 WL 5756932, at *1 (C.D. Cal. Nov. 4, 2014) (claimant's argument that OOH statistics conflicted with DOT and VE's testimony was waived because claimant was represented by counsel and failed to raise issue before ALJ or Appeals Council).

---

[3]   Plaintiff requests that this Court take judicial notice of portions of the OOH and other online sources. [Dkt. No. 20.] The Court grants the request, but only as to the information contained in those sources. *See Walker v. Berryhill*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017) (taking judicial notice of job information contained in OOH, but not that such information was more reliable than the DOT, which is a matter "subject to reasonable dispute" and therefore inappropriate for judicial notice).

[4]   The ALJ even held the record open after the administrative hearing for additional evidence, but Plaintiff submitted nothing regarding job numbers. (Administrative Record ("AR") at 17, 52, 83-84, 1276-1598.)

Accordingly, the issue was not properly preserved for appeal.

B. <u>No Legal Error Identified</u>

Plaintiff has failed to identify any legal error for three reasons.

First, Plaintiff's repeated argument that "no reasonable person would ever believe" there are 230,000 bench assembler jobs in the national economy is not the standard by which this Court must review the Agency's decision. (Joint Stip. at 7, 9, 15-16); *see Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (the court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the "record as a whole"); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, [the court] must defer to the ALJ's conclusion.").

Second, even assuming the OOH established a smaller pool of estimated available jobs, Plaintiff has failed to identify any authority that the VE or the ALJ were bound by that source, or that the ALJ was required to ask about any alleged conflict. *See Meza v. Berryhill*, 2017 WL 3298461, at *8 (C.D. Cal. Aug. 2, 2017) (claimant's argument that DOT and OOH should be on "equal footing" has been rejected by a number of district courts in Ninth Circuit); *Walker*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017) (rejecting argument that OOH precludes claimant from performing jobs VE testified he could do because claimant "cites no authority for the proposition that an ALJ must address conflicts between the testimony of the VE and the OOH"); *Simpson v. Colvin*, 2016 WL 3091487, at *5 (C.D. Cal. May 31, 2016) (finding no error where VE's job numbers were inconsistent with information from Bureau of Labor statistics in OOH because a VE may rely on any number of sources).

Third, and finally, Plaintiff has failed to show that the VE's testimony itself is not substantial evidence. (AR at 27-28, 78-83); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ may rely on a VE's testimony as a reliable source of information about job numbers because a VE's "recognized expertise provides the

necessary foundation for his or her testimony" and "no additional foundation is required"); *Howard*, 330 F. App'x at 130-31(argument challenging foundation of VE's testimony regarding number of jobs available in national and regional economies foreclosed by *Bayliss*); *Moore v. Apfel*, 216 F.3d 864, 869-70 (9th Cir. 2000) (VE's testimony alone was substantial evidence supporting ALJ's finding that claimant was not disabled because substantial gainful work existed in national economy).

    Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.[5]

DATED: August 24, 2017

                                            Hon. Jay C. Gandhi
                                   United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[5] In light of this Memorandum Opinion and Order, and the concurrently filed Judgment, the request for a decision is granted. [Dkt. No. 24.]