UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. PHILBROOK,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,<br><br>    Defendant. | Case No. ED CV 16-1500 JCG<br><br>**AMENDED MEMORANDUM OPINION AND ORDER** |

Robert E. Philbrook ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly relied on the vocational expert ("VE")'s testimony to determine that Plaintiff could perform light, unskilled work as a bench assembler[1] with approximately 230,000 jobs available nationally. (*See* Joint Stip. at 4-7, 12-16). Plaintiff suggests that the VE's testimony was in conflict with the Occupational Outlook Handbook ("OOH")[2] because that source suggested a smaller

---

[1] Dictionary of Occupational Titles ("DOT") code 206.684-022.

[2] Plaintiff requests that this Court take judicial notice of portions of the OOH and other online sources. [Dkt. No. 20.] The Court grants the request, but only as to the information contained in

1

amount of available jobs than those identified by the VE in response to the ALJ's hypothetical questions. The Court finds that reversal is not warranted.

Plaintiff has failed to identify any legal error for three reasons.

First, Plaintiff's repeated argument that "no reasonable person would ever believe" there are 230,000 bench assembler jobs in the national economy is not the standard by which this Court must review the Agency's decision. (Joint Stip. at 7, 9, 15-16); *see Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (the Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the "record as a whole"); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, [the Court] must defer to the ALJ's conclusion.").

Second, even assuming the OOH established a smaller pool of estimated available jobs, Plaintiff has failed to identify any authority suggesting that the VE or the ALJ were bound by that source, or that the ALJ was required to ask about any alleged conflict. *See Shaibi v. Berryhill*, 870 F.3d 874, 878 (9th Cir. 2017) (no authority suggesting an ALJ is required to investigate and resolve any apparent conflict between VE's testimony and OOH)[3]; *Meza v. Berryhill*, 2017 WL 3298461, at *8 (C.D. Cal. Aug. 2, 2017) (claimant's argument that DOT and OOH should be on "equal footing" has been rejected by a number of district courts in Ninth Circuit); *Walker*, 2017 WL 1097171 at *3 (rejecting argument that OOH precludes claimant

---

those sources. *See Walker v. Berryhill*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017) (taking judicial notice of job information contained in OOH, but not that such information was more reliable than the DOT).

[3] Accordingly, contrary to Plaintiff's assertion in his Motion to Alter or Amend the Judgment, *Shaibi* did not "open[] the door as a change in the law to permit [] conflict with the OOH and the [VE] testimony." [Dkt. No. 28 at 8-9]; *Hocking v. Berryhill*, 2017 WL 6541858, *3 (C.D. Cal. Dec. 21, 2017) (rejecting identical argument because "[a]s set forth in *Shaibi*, although an ALJ is required to investigate and resolve conflicts between the VE's testimony and the DOT, even if the claimant does not raise the issue, there is no authority requiring the ALJ to do so for conflicts between the VE's testimony and the OOH").

2

from performing jobs VE testified he could do because claimant "cites no authority for the proposition that an ALJ must address conflicts between the testimony of the VE and the OOH").

Third, and finally, Plaintiff has failed to show that the VE's testimony itself is not substantial evidence. (AR at 27-28, 78-83); *see Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ may rely on a VE's testimony as a reliable source of information about job numbers because a VE's "recognized expertise provides the necessary foundation for his or her testimony" and "no additional foundation is required"); *Howard v. Astrue*, 330 F. App'x 128, 130-31 (9th Cir. 2009) (argument challenging foundation of VE's testimony regarding number of jobs available in national and regional economies foreclosed by *Bayliss*); *Moore v. Apfel*, 216 F.3d 864, 869-70 (9th Cir. 2000) (VE's testimony alone was substantial evidence supporting ALJ's finding that claimant was not disabled because substantial gainful work existed in national economy).

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: 1-24-2018

Hon. Jay C. Gandhi
United States Magistrate Judge

***

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

***